## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RANDOLPH BRADLEY JR, # 0000572,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00827** |
| | ) | |
| **RUDD MEDICAL SERVICES,** *et al.*, | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Holmes** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randolph Bradley, Jr., who is in custody of the Rutherford County Jail in Murfreesboro, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed two motions for leave to amend. (Doc. No. 9, Doc. No. 10). The court will now grant the plaintiff's most recent motion for leave to amend and screen the second amended complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

## I. MOTIONS

The plaintiff's most recent motion to amend complaint (Doc. No. 10) will be granted. The second amended complaint, which is included in the same document, is now the operative complaint in this action. The plaintiff's prior motion to amend (Doc. No. 9) will be denied as moot. The plaintiff's motion for a magistrate judge (Doc. No. 12) will be denied as unnecessary, because a magistrate judge is already assigned to the case. The court notes that the plaintiff's request for a jury trial is withdrawn. (*Id.*)

The plaintiff's motion for an appointed lawyer (Doc. No. 11) will be denied without prejudice. "The appointment of counsel in a civil proceeding is not a constitutional right and is

1

justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Here, the plaintiff has not identified any exceptional circumstances that warrant the appointment of counsel. (*See* Doc. No. 11). Additionally, the plaintiff's filings indicate that he is able to represent himself at this stage of proceedings.

## II.      PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.    FACTUAL ALLEGATIONS

The second amended complaint names four defendants: Rudd Medical Services, Charles Flynn, Tammy Lovejoy, and John Rudd. (Doc. No. 10 at 2−3).

The plaintiff alleges that he has experienced regular urine leaking since August 2023. (*Id.* at 2). He has requested adult briefs, but they have not been provided. (*Id.* at 2−3). During bowel movements, the plaintiff experiences "pain, swelling tenderness, bruises, and what tend[s] to feel like [his] anal left flipped inside out during and after." (*Id.* at 3). In December 2024, Mr. Flynn diagnosed the plaintiff with external hemorrhoids. (*Id.* at 4).

Mr. Flynn, Ms. Lovejoy, and Mr. Rudd are all aware of the plaintiff's symptoms and have not provided treatment to remedy them. (*Id.* at 2). They also all told the plaintiff that he would not be sent to an outside specialist while incarcerated at the Rutherford County Jail. (*Id.*)

### IV.    ANALYSIS

The plaintiff asserts claims of deliberate indifference against all defendants. As explained below, his claims against the individual defendants shall proceed, but his claim against Rudd Medical Services will be dismissed.

To state an Eighth Amendment claim based on deliberate indifference to a serious medical need, a plaintiff must allege facts that would allow the court to find (1) "either that a doctor has diagnosed them with a condition requiring treatment or that they suffer from a condition that any layperson would recognize requires treatment" and (2) that the defendant "subjectively knew of (and consciously disregarded) the serious medical needs." *Erickson v. Gogebic Cnty., Mich.*, 133 F.4th 703, 711−12 (6th Cir. 2025). Here, the plaintiff alleges that he experiences chronic urine leaking and significant pain during bowel movements. A reasonable factfinder could conclude that any layperson would recognize that these conditions require treatment and that Mr. Flynn,

3

Ms. Lovejoy, and Mr. Rudd were aware of the conditions but disregarded them. The plaintiff's claims against these defendants shall proceed.

For purposes of 42 U.S.C. § 1983 liability, Rudd Medical Services is treated as a municipality. *See Warnell v. Mount St. Joseph Univ.*, 144 F.4th 880, 891 n.4 (6th Cir. 2025). A claim of municipal liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the municipality or its agent. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690−691 (1978). Here, the plaintiff has not alleged that a Rudd Medical Services organizational policy, statement, regulation, decision, or custom caused his constitutional injury. The plaintiff's claim against Rudd Medical Services will therefore be dismissed for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

The plaintiff's most recent motion to amend (Doc. No. 10) is **GRANTED**. His previous motion for leave to amend (Doc. No. 9) is **DENIED** as moot. The plaintiff's motion for appointed lawyer (Doc. No. 11) is **DENIED** without prejudice. His motion for a magistrate judge (Doc. No. 12) is **DENIED** as unnecessary.

The plaintiff's request for a jury trial is **WITHDRAWN**.

The court has screened the Complaint pursuant to the PLRA. Eighth Amendment claims **SHALL PROCEED** against defendants Charles Flynn, Tammy Lovejoy, and John Rudd. All claims against Rudd Medical Services are **DISMISSED** for failure to state a claim upon which relief may be granted.

The clerk **SHALL** add Tammy Lovejoy as a defendant on the docket.

The Clerk is **DIRECTED** to send the plaintiff service packets (a blank summons (AO 440) and USM 285 form) for defendants Charles Flynn, Tammy Lovejoy, and John Rudd. The plaintiff

4

**MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the Defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The plaintiff is forewarned that this action may be dismissed if he fails to apprise the Court of any address changes.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

5